K&L Gates LLP
One Newark Center, 10th Floor
Newark, NJ 07102
(973) 848-4000
Attorneys for Intervenors
By: William H. Hyatt, Jr. Esq.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

DOCUMENT ELECTRONICALLY FILED

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>Air Products and Chemicals, Inc., Alcoa Inc., American Airlines, Inc., BASF Catalysts LLC, Beazer East, Inc., Bristol-Myers Squibb Company, Chevron Environmental Management Company, for itself and on behalf of Chevron U.S.A., Inc. and Kewanee Industries, Inc. (for Harshaw Chemical Company), Cornell-Dubilier Electronics, Inc., The Egyptian Lacquer Manufacturing Co., Foster Wheeler LLC, Kinder Morgan Liquid Terminals, LLC (for and/or in place of GATX Corp.), Mallinckrodt Baker, Inc. and Mallinckrodt Inc. as successor to Mallinckrodt Chemical Inc./J.T. Baker, Maxus Energy Corp., (o/b/o Occidental Chemical Corp. as successor to Diamond Shamrock Chemicals Co.), Rutgers University, Stoney-Mueller, Inc., Mack Trucks, Inc., and Warner Lambert Co.<br><br>Defendants. | HON. SUSAN D. WIGENTON<br><br>CIVIL ACTION NO. 08-CV-4216 |

NEW JERSEY DEPARTMENT OF
ENVIRONMENTAL PROTECTION;
THE COMMISSIONER OF THE NEW JERSEY
DEPARTMENT OF ENVIRONMENTAL
PROTECTION, as Trustee for Natural Resources; and
THE ADMINISTRATOR OF THE NEW JERSEY
SPILL COMPENSATION FUND,

Plaintiffs,

|  |  |
|---|---|
| vs. | HON. SUSAN D. WIGENTON |
|  | CIVIL ACTION NO. |
| Air Products and Chemicals, Inc., Alcoa Inc., American Airlines, Inc., BASF Catalysts LLC, Beazer East, Inc., Bristol-Myers Squibb Company, Chevron Environmental Management Company, for itself and on behalf of Chevron USA, Inc., Kewanee Industries, Inc. (for Harshaw Chemical Company), Cornell-Dubilier Electronics, Inc., The Egyptian Lacquer Manufacturing Co., Foster Wheeler LLC, Kinder Morgan Liquid Terminals, LLC (for and/or in place of GATX Corp.), Mallinckrodt Baker, Inc. and Mallinckrodt Inc. as successor to Mallinckrodt Chemical Inc./J.T. Baker, Maxus Energy Corp., (o/b/o Occidental Chemical Corp. as successor to Diamond Shamrock Chemicals Co.), Rutgers University, Stoney-Mueller, Inc., Mack Trucks, Inc., and Warner Lambert Co. | 08-CV-04259 |
|  | **ORDER PERMITTING INTERVENTION** |
| Defendants. |  |

**THIS MATTER**, has been opened to the Court by K&L Gates LLP, William H. Hyatt, Jr., Esq., as Common Counsel for the Defendants and for the Proposed Intervenors who are named as defendants in the consolidated actions entitled *United States of America v. AlliedSignal Inc., et al.*, and *State of New Jersey v. AlliedSignal Inc., et al.*, Civil Action No. 99-3766 (WHW) ("99-3766), specifically: Benjamin Moore & Co., Borden, Inc., CNA Holdings, Inc., Colgate-Palmolive Company, Curtiss-Wright Corporation, Cytec Industries, Inc., E. I. du Pont de Nemours and Company, Exxon Chemical Americas, Ford Motor Company, General Electric Company, General Motors Corporation, Gulton Industries, Hercules Incorporated, Hoffmann-LaRoche Inc., Honeywell International Inc., International Business Machines Corporation, Lucent Technologies Inc., Merck & Co., Inc., Mobil Business Resources Corp., Pfizer Inc., Pharmacia Corporation, Pratt & Whitney, Division of United Technologies Corporation, Rohm and Haas Chemicals LLC, Schering Corporation, Shell Oil Company, Texaco Inc., Union

Carbide Corporation and Wyeth Ayerst Pharmaceuticals Inc. ("Intervenors"), on unopposed motion for leave to intervene pursuant to Federal Rule of Civil Procedure 24(a), (Dkt. Entry No. 4) in the presence of attorneys for plaintiffs the United States of America and the New Jersey Department of Environmental Protection, the Commissioner of the New Jersey Department of Environmental Protection, and the Administrator of the New Jersey Spill Compensation Fund; and the Court having read and considered the moving and responding papers, if any; and for good cause shown;

IT IS, on this 7 day of Oct, 2008, **ORDERED** that:

1. The parties identified as Intervenors shall hereby have leave to intervene in this action pursuant to Federal Rule of Civil Procedure 24 solely for the purpose of being identified as Settling Defendants consistent with the terms of the Consent Decree to be entered by the Court in this action (the "Consent Decree").

2. By intervening in this action, the Intervenors do not become obligated to make the payments required under the Consent Decree in this action, including but not limited to payments required to be made to the United States of America and the State of New Jersey pursuant to Paragraphs 10, 11, 12 and 15 of the Consent Decree. Further, the Defendants in this action [Docket No. 08-CV-4216 and Docket No. 08-CV-4259] do not become obligated to make the payments required under the Consent Decree entered in 99-3766, including but not limited to Paragraph 47 of the Consent Decree in 99-3766, except to the extent required under the Consent Decree in this action.

3. The Intervenors shall serve a copy of this Order upon all parties within 7 days from receipt.

_____
~~HON. SUSAN D. WIGENTON, U.S.D.J.~~
HON. MADELINE COX ARLEO, USMJ

- 3 -