UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

United States of America,

Plaintiff,

vs.

CIVIL ACTION NO.

Air Products and Chemicals, Inc., Alcoa Inc., American Airlines, Inc., BASF Catalysts LLC, Beazer East, Inc., Bristol-Myers Squibb Company, Chevron Environmental Management Company, for itself and on behalf of Chevron U.S.A., Inc. and Kewanee Industries, Inc. (for Harshaw Chemical Company), Cornell-Dubilier Electronics, Inc., The Egyptian Lacquer Manufacturing Co., Foster Wheeler LLC, Kinder Morgan Liquid Terminals, LLC (for and/or in place of GATX Corp.), Mallinckrodt Baker, Inc. and Mallinckrodt Inc. as successor to Mallinckrodt Chemical Inc./J.T. Baker, Maxus Energy Corp. (o/b/o Occidental Chemical Corp. as successor to Diamond Shamrock Chemicals Co.), Rutgers University, Stoney-Mueller, Inc., Mack Trucks, Inc., and Warner Lambert Co.,

Defendants.

CONSENT DECREE

New Jersey Department of Environmental Protection; the Commisioner of the New Jersey Department of Environmental Protection, as Trustee for Natural Resources; and the Adminstrator of the New Jersey Spill Compensation Fund,

Plaintiffs,

vs.

Air Products and Chemicals, Inc., Alcoa Inc., American Airlines, Inc., BASF Catalysts LLC, Beazer East, Inc., Bristol-Myers Squibb Company, Chevron Environmental Management Company, for itself and on behalf of Chevron U.S.A., Inc. and Kewanee Industries, Inc. (for Harshaw Chemical Company), Cornell-Dubilier Electronics, Inc., The Egyptian Lacquer Manufacturing Co., Foster Wheeler LLC, Kinder Morgan Liquid Terminals, LLC (for and/or in place of GATX Corp.), Mallinckrodt Baker, Inc. and Mallinckrodt Inc. as successor to Mallinckrodt Chemical Inc./J.T. Baker, Maxus Energy Corp. (o/b/o Occidental Chemical Corp. as successor to Diamond Shamrock Chemicals Co.), Rutgers University, Stoney-Mueller, Inc., Mack Trucks, Inc., and Warner Lambert Co.,

Defendants.

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 2 of 87

Benjamin Moore & Co., Borden, Inc., CNA Holdings, Inc., Colgate-Palmolive Company, Curtiss-Wright Corporation, Cytec Industries, Inc., E.I. Du Pont de Numours and Company, Exxon Chemical Americas, Ford Motor Company, General Electric Company, General Motors Corporation, Gulton Industries, Hercules Incorporated, Hoffmann-LaRoche Inc., Honeywell International Inc., International Business Machines Corporation, Lucent Technologies Inc., Merck & Co., Inc., Mobil Business Resources Corp., Pfizer Inc., Pharmacia Corporation, Pratt & Whitney, Division of United Technologies Corporation, Rohm and Haas Chemicals LLC, Schering Corporation, Shell Oil Company, Texaco Inc., Union Carbide Corporation and Wyeth Ayerst Pharmaceuticals, Inc.,

Plaintiff-Intervenors,

vs.

Air Products and Chemicals, Inc., Alcoa Inc., American Airlines, Inc., BASF Catalysts LLC, Beazer East, Inc., Bristol-Myers Squibb Company, Chevron Environmental Management Company, for itself and on behalf of Chevron U.S.A., Inc. and Kewanee Industries, Inc. (for Harshaw Chemical Company), Cornell-Dubilier Electronics, Inc., The Egyptian Lacquer Manufacturing Co., Foster Wheeler LLC, Kinder Morgan Liquid Terminals, LLC (for and/or in place of GATX Corp.), Mallinckrodt Baker, Inc. and Mallinckrodt Inc. as successor to Mallinckrodt Chemical Inc./J.T. Baker, Maxus Energy Corp. (o/b/o Occidental Chemical Corp. as successor to Diamond Shamrock Chemicals Co.), Rutgers University, Stoney-Mueller, Inc., Mack Trucks, Inc., and Warner Lambert Co.,

Defendants.

## CONSENT DECREE

## I. BACKGROUND

A. The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint against the Defendants

in this civil action pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606 and 9607.

B. The United States, in its complaint, seeks, inter alia: (1) reimbursement of costs incurred by EPA and the Department of Justice for response actions at the Chemsol, Inc. Superfund Site ("Site") in Piscataway Township, Middlesex County, New Jersey, together with accrued interest; and (2) performance of studies and response work by the Defendants at the Site consistent with the National Contingency Plan, 40 C.F.R. Part 300 (as amended) ("NCP").

C. In accordance with the NCP and Section 121(f)(1)(F) of CERCLA, 42 U.S.C. § 9621(f)(1)(F), EPA first notified the State of New Jersey (the "State") on July 8, 1998, of negotiations with potentially responsible parties regarding the implementation of the remedial design and remedial action for the Site, and EPA has provided the State with an opportunity to participate in such negotiations and be a party to this Consent Decree.

D. The New Jersey Department of Environmental Protection ("DEP"), the Commissioner of the New Jersey Department of Environmental Protection, as trustee for natural resources (the "Commissioner"), and the Administrator of the New Jersey Spill Compensation Fund ("the Administrator") (collectively, "the State Plaintiffs"), have also filed a complaint against the Defendants seeking reimbursement of costs incurred by the State Plaintiffs for response actions at the Site, and for damages for injury to, destruction of, or loss of natural resources within the State or belonging to, managed by, controlled by or held in trust by, or appertaining to, the State resulting from release or discharge of hazardous substances at the Site.

E. The actions brought by the United States and the State Plaintiffs have been

consolidated for the purpose of the entry of this Consent Decree.

F. In accordance with Section 122(j)(1) of CERCLA, 42 U.S.C. § 9622(j)(1), EPA notified the National Oceanographic and Atmospheric Administration and the Department of Interior on September 30, 1998, of negotiations with potentially responsible parties regarding the release of hazardous substances that may have resulted in injury to the natural resources under Federal trusteeship and encouraged the trustee(s) to participate in settlement negotiations regarding this Site. EPA has also informed the State, which has informed the Commissioner, as the trustee for the protection of the Natural Resources within the State or belonging to, managed by, controlled by, held in trust by, or appertaining to, the State, of negotiations with potentially responsible parties regarding the release or discharge of hazardous substances that may have resulted in injury to the Natural Resources under State trusteeship; and the Commissioner has participated in the negotiation of this Consent Decree.

G. The Defendants that have entered into this Consent Decree ("the 2008 Settling Defendants") do not admit any liability to the Plaintiffs or to anyone else arising out of the transactions or occurrences alleged in the complaints filed by the United States and the State Plaintiffs, or with respect to any issue addressed in this Consent Decree, nor do they acknowledge that the release or threatened release, or discharge or threatened discharge, of hazardous substance(s) at or from the Site constitutes an imminent or substantial endangerment to the public health or welfare or the environment.

H. Pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, EPA placed the Site on the National Priorities List, set forth at 40 C.F.R. Part 300, by publication in the Federal Register on

September 8, 1983, 48 Fed. Reg. 40658.

I. On September 20, 1991, EPA, with DEP's concurrence, issued a Record of Decision, selecting an interim groundwater remedy ("Interim Remedy") for the Site. On March 9, 1992, EPA issued Administrative Order Index No. II-CERCLA-20104 ("Order"), under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), requiring, *inter alia*, that the respondents named in the Order perform the Interim Remedy. Subsequently, some of the respondents named in the Order, together with other potentially responsible parties, constructed and operated the Interim Remedy. By letter dated July 25, 2001, EPA notified the 2000 Settling Defendants that the 2000 Consent Decree superseded the Order.

J. EPA completed a Remedial Investigation Report in October, 1996, and EPA, after affording DEP a reasonable opportunity for review and comment, issued a Feasibility Study ("FS") Report on August 11, 1997.

K. Pursuant to Section 117 of CERCLA, 42 U.S.C. § 9617, EPA published notice of the completion of the FS and of the proposed plan for remedial action on August 11, 1997, in a major local newspaper of general circulation. EPA provided an opportunity for written and oral comments from the public on the proposed plan for remedial action. A copy of the transcript of the public meeting is available to the public as part of the administrative record upon which the Regional Administrator based the selection of the response action.

L. The decision by EPA on the remedial action to be implemented at the Site is embodied in a Record of Decision ("1998 ROD"), executed on September 18, 1998, on which DEP had a reasonable opportunity to review and comment. The ROD includes a responsiveness summary

to the public comments. Notice of the final plan was published in accordance with Section 117(b) of CERCLA.

M. EPA and the State Plaintiffs entered into a consent decree with numerous potentially responsible parties in January 2000 ("2000 Consent Decree"), in Civil Action No. 99-3766 (WHW). A copy of the 2000 Consent Decree is attached hereto as Appendix A.

N. On June 14, 2001, EPA issued an Administrative Order on Consent for the Remedial Investigation and Feasibility Study for Operable Unit No. 3. See EPA Index No. CERCLA-02-2001-2001.

O. On April 22, 2004, EPA entered into a consent decree with Marvin Mahan, Tang Realty, Inc. and Transtech Industries, Inc. ("Mahan Consent Decree"). A copy of the Mahan Consent Decree is attached hereto as Appendix B. The State Plaintiffs, the 2000 Settling Defendants and the 2008 Settling Defendants were not parties to the Mahan Consent Decree, or to the negotiations that resulted in the Mahan Consent Decree.

P. The Settling Work Defendants in this Consent Decree ("2008 Settling Work Defendants") will join the Settling Work Defendants in the 2000 Consent Decree ("2000 Settling Work Defendants").

Q. Based on the information presently available to EPA and DEP, EPA and DEP believe that the Work will be properly and promptly performed if conducted in accordance with the requirements of this Consent Decree and its appendices, as well as the requirements of the 2000 Consent Decree, and its appendices, which are attached hereto.

R. Solely for the purposes of Section 113(j) of CERCLA, the Remedial Action selected

by the 1998 ROD and the Work to be performed by the Settling Work Defendants shall constitute a response action taken or ordered by the President.

S. A neutral allocator was previously hired to review the factual information regarding the disposal of hazardous substances at the Site. On the basis of that information, the neutral allocator prepared a plan which set forth a method of allocating response costs among the parties identified in Appendix C. The plan prepared by the neutral allocator formed the basis for the 2000 Consent Decree and also forms the basis for the Parties' settlement in this Consent Decree.

T. The Chemsol Superfund Site Environmental Remediation Trust ("ERT") was established to receive certain settlement and other payments with respect to the Site from certain of the parties to the 2000 Consent Decree, and the Chemsol Superfund Site Qualified Settlement Fund Trust ("QSF") was established to receive certain other settlement and other payments from certain of the parties to the 2000 Consent Decree. Both of these Trusts are still in existence and are available to receive settlement and other payments made pursuant to the provisions of this Consent Decree from the 2008 Settling Defendants.

U. The purpose of this Consent Decree is to enable the 2008 Settling Defendants to share in the rights, obligations and duties of the signatories to the 2000 Consent Decree. The obligations of the parties to the Mahan Consent Decree are not affected by execution or entry of this Consent Decree.

V. The Parties recognize and the Court, by entering this Consent Decree, finds that this Consent Decree has been negotiated by the Parties in good faith, that implementation of this Consent Decree will expedite the cleanup of the Site, and avoid prolonged and complicated litigation among

the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, with the consent of the Parties to this Decree, it is hereby Ordered, Adjudged, and Decreed:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9606, 9607, and 9613(b). This Court also has personal jurisdiction over the United States, the State Plaintiffs and the 2008 Settling Defendants. Solely for the purposes of this Consent Decree, the United States, the State Plaintiffs and the 2008 Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. The 2008 Settling Defendants shall not challenge the terms of this Consent Decree. The United States, the State Plaintiffs and the 2008 Settling Defendants shall not challenge this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree applies to and is binding upon the United States and the State Plaintiffs, and upon the 2008 Settling Defendants and their successors and assigns. Any change in ownership or corporate or other legal status of a 2008 Settling Defendant including, but not limited to, any transfer of assets or real or personal property, shall in no way alter such 2008 Settling Defendant's responsibilities under this Consent Decree.

3. A copy of this Consent Decree, including all appendices and attachments hereto ("this Consent Decree") shall be provided to each contractor hired to perform the Work (as defined below) required by this Consent Decree and to each person representing any Settling Work Defendant with

respect to the Site or the Work, and Settling Work Defendants shall condition all contracts entered into hereunder upon performance of the Work in conformity with the terms of this Consent Decree and the 2000 Consent Decree. Written notice of this Consent Decree shall also be provided to all subcontractors hired to perform any portion of the Work required by this Consent Decree. Settling Work Defendants shall nonetheless be responsible for ensuring that their contractors and subcontractors perform the Work contemplated herein in accordance with this Consent Decree and the 2000 Consent Decree. With regard to the activities undertaken pursuant to this Consent Decree, each contractor and subcontractor shall be deemed to be in a contractual relationship with the Settling Work Defendants within the meaning of Section 107(b)(3) of CERCLA, 42 U.S.C. § 9607(b)(3).

## IV. DEFINITIONS

4. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Any terms defined in the 2000 Consent Decree shall have the meaning assigned to them in the 2000 Consent Decree, attached hereto. Whenever terms listed below are used in this Consent Decree or in the appendices attached hereto and incorporated hereunder, the following definitions shall apply:

"Administrator" shall mean the Administrator of the New Jersey Spill Compensation Fund, who is appointed pursuant to N.J.S.A. 58:10-23.11j.

"Commissioner" shall mean the Commissioner of the New Jersey Department of Environmental Protection in her capacity as trustee for the natural resources within the State of New

Jersey or belonging to, managed by, controlled by, held in trust by, or appertaining to, the State.

"Consent Decree" shall mean this Decree and all appendices and attachments hereto (listed in Section XVI). In the event of conflict between this Decree and any appendix, this Decree shall control.

"DEP" shall mean the New Jersey Department of Environmental Protection, and any successor department or agency of the State.

"Discharge" shall have the meaning assigned to it in N.J.S.A. 58:10-23.11b.

"Parties" shall mean the United States, the State Plaintiffs and the 2008 Settling Defendants.

"Settling Defendants" shall mean the 2000 Settling Defendants and the 2008 Settling Defendants, collectively.

"2000 Settling Defendants" shall mean those Parties identified in Appendix D of the 2000 Consent Decree.

"2008 Settling Defendants" shall mean those Parties identified in Appendix D to this Consent Decree that are resolving any claims which have been or could be asserted against them with regard to the Site as provided in this Consent Decree and includes their respective corporate predecessors, parents, subsidiaries, affiliated corporations, officers, directors, employees or agents, whose alleged liability is based upon the generation of or transport by said 2008 Settling Defendants of Waste Material to the Site.

"Settling Work Defendants" are the 2000 Settling Work Defendants and the 2008 Settling Work Defendants, collectively.

"2000 Settling Work Defendants" are those Parties identified in Section 1 of Appendix D to the 2000 Consent Decree.

"2008 Settling Work Defendants" are those Parties identified in Section 1 of Appendix D to this Consent Decree.

"2008 De Minimis Settling Defendants" are those Parties identified in Section 2 of Appendix D to this Consent Decree.

"State" shall mean the State of New Jersey, including all of its departments, agencies, and instrumentalities, except as otherwise designated in this Consent Decree.

"State Plaintiffs" shall mean the Administrator; Commissioner, as trustee for natural resources within the State or belonging to, managed by, controlled by, held in trust by, or appertaining to, the State; DEP, or any successor thereto.

"United States" shall mean the United States of America, including all of its departments, agencies, and instrumentalities, and any federal natural resources trustee.

"Work" shall mean all activities the 2008 Settling Work Defendants are required to perform under this Consent Decree, except those required by Section XII ("Retention of Records").

## V. GENERAL PROVISIONS

5. Objectives of the Parties

The objectives of the Parties in entering into this Consent Decree are (a) to protect public health or welfare or the environment at the Site by the design and implementation of response actions at the Site by the Settling Work Defendants, (b) to reimburse certain response costs of the Plaintiffs, and to resolve all claims against the 2008 Settling Defendants for injury to State Natural

Resources, including, but not limited to, injury to ground water and wetland resources, (c) to resolve the claims of the Plaintiffs against the 2008 Settling Defendants with regard to the Site as provided in this Consent Decree, (d) to reach a final settlement among the Plaintiffs and the 2008 De Minimis Settling Defendants with respect to the Site pursuant to Section 122(g) of CERCLA, 42 U.S.C. §9622(g), that recognizes that the 2008 De Minimis Settling Defendants have made or will make any required cash payments, including premiums, to the Settling Work Defendants, all of which payments are to be used by the Settling Work Defendants to finance and perform response actions at the Site, including the Work, and (e) to resolve the alleged civil liability of the 2008 De Minimis Settling Defendants to the State Plaintiffs and the Settling Work Defendants under Sections 107 and 113 of CERCLA, 42 U.S.C. § 9607, 9613, the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11, *et seq*. ("Spill Act"), the Solid Waste Management Act, N.J.S.A. 13:1E-1 *et seq*., the Sanitary Landfill Facility Closure and Contingency Fund Act, N.J.S.A. 13:1E-100 *et seq*. ("Sanitary Landfill Act"); the Water Pollution Control Act, N.J.S.A. 58:10A-1, *et seq*., the common law of nuisance, the common law of negligence and strict liability, for injunctive relief with regard to the Site and for response costs incurred and to be incurred at or in connection with the Site, and State Natural Resource Damages, as defined in the 2000 Consent Decree, relating to the Site.

6. <u>De Minimis Settling Defendants</u>

a. EPA and DEP have determined that certain of the 2008 Settling Defendants ("2008 De Minimis Settling Defendants") meet the criteria set forth in Section 122(g) of CERCLA, 42 U.S.C. § 9622(g), authorizing de minimis settlements; that, except as provided herein, the settlement embodied in this Consent Decree is intended to be a final settlement of all present and

future claims asserted by the United States and the State Plaintiffs in their complaints in this matter against the 2008 De Minimis Settling Defendants with respect to the Site; and that the settlement embodied in this Consent Decree is consistent with the public interest.

b. With respect to the 2008 De Minimis Settling Defendants, EPA and DEP have found, in accordance with Section 122(g)(1) of CERCLA, 42 U.S.C. § 9622(g)(1), that prompt settlement with each of the 2008 De Minimis Settling Defendants is practicable and in the public interest; that the payment to be made by each of the 2008 De Minimis Settling Defendants under this Consent Decree involves only a minor portion of the response costs at the Site, based upon the estimate contained in the 1998 ROD of the total response costs incurred and to be incurred at or in connection with the Site; that the amount of hazardous substances contributed or allegedly contributed to the Site by each of the 2008 De Minimis Settling Defendants is minimal in comparison to other hazardous substances at the Site, because the amount of hazardous substances contributed or allegedly contributed to the Site by each of the 2008 De Minimis Settling Defendants does not exceed one percent (1%) of the hazardous substances at the Site; and that the hazardous substances contributed to the Site by the 2008 De Minimis Settling Defendants are not significantly more toxic or of significantly greater hazardous effect than other hazardous substances at the Site.

7. Commitments by the 2008 Settling Defendants.

a. From the Effective Date of this Consent Decree, the 2008 Settling Work Defendants and the 2000 Settling Work Defendants shall be jointly and severally obligated to conduct the Work, and for all obligations owed the United States and the State under this Consent Decree (except obligations pursuant to Paragraphs 10 through 12 of this Consent Decree which shall

be the sole obligation of the 2008 Settling Work Defendants) and the 2000 Consent Decree (except for obligations pursuant to Paragraphs 47 and 47.1- 47.4, which shall be the sole obligation of the 2000 Settling Defendants). In the event of the insolvency or other failure of any one or more Settling Work Defendants to implement the requirements of this Consent Decree (except obligations to pay money as set forth in the preceding sentence), the remaining Settling Work Defendants shall complete all such requirements.

b. Except as specifically otherwise provided herein, the obligations of the 2008 De Minimis Settling Defendants under this Consent Decree shall be limited to any required payment of money to the Settling Work Defendants in the amounts set forth in Appendix E to this Consent Decree.

8. Compliance With Applicable Law

All activities undertaken by Settling Work Defendants pursuant to the 2000 Consent Decree and this Consent Decree shall be performed in accordance with the requirements of all applicable federal and state laws and regulations. Settling Work Defendants must also comply with all applicable or relevant and appropriate requirements of all federal and state environmental laws as set forth in the ROD and the SOW. The activities conducted pursuant to the 2000 Consent Decree and this Consent Decree, if approved by EPA, shall be considered to be consistent with the NCP. The amounts paid by the 2008 Settling Defendants to the United States under Section VI ("Obligations of the 2008 Settling Defendants") shall be considered to be response costs incurred by the United States Government within the meaning of Section 107(a)(4)(C) of CERCLA, 42 U.S.C.§ 9607(a)(4)(A), and natural resource damages incurred by the State within the meaning of Section

107(a)(4)(C) of CERCLA, 42 U.S.C.§ 9607(a)(4)(C). This Consent Decree is intended to be a judicially approved settlement within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. §9613(f)(3)(B).

9. Permits

a. As provided in Section 121(e) of CERCLA and Section 300.400(e) of the NCP, no permit shall be required for any portion of the Work conducted entirely on-site (*i.e.*, within the areal extent of contamination or in very close proximity to the contamination and necessary for implementation of the Work). Where any portion of the Work that is not on-site requires a federal or state permit or approval, Settling Work Defendants shall submit timely and complete applications and take all other actions necessary to obtain all such permits or approvals.

b. The Settling Work Defendants may seek relief under the provisions of Section XVII ("Force Majeure") of the 2000 Consent Decree for any delay in the performance of the Work resulting from a failure to obtain, or a delay in obtaining, any permit required for the Work.

c. This Consent Decree is not, and shall not be construed to be, a permit or permit equivalency issued pursuant to any federal or state statute or regulation.

VI. OBLIGATIONS OF THE 2008 SETTLING DEFENDANTS

10. Payment of Response Costs.

a. Within 30 days of the effective date of this Consent Decree, the 2008 Settling Work Defendants shall pay $380,170.83 to the EPA Hazardous Substance Superfund in reimbursement of Past Response Costs of the United States, by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current electronic funds

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 16 of 87

transfer procedures, referencing U.S.A.O. file number , the EPA Region and Site/Spill ID #02C3, and DOJ case number 90-11-3-06104/3. Payment shall be made in accordance with instructions provided to the 2008 Settling Work Defendants by the Financial Litigation Unit of the United States Attorney's Office for the District of New Jersey following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day. The 2008 Settling Work Defendants shall send notice that such payment has been made to the United States as specified in Section XIII ("Notices and Submissions") and to:

Comptroller
Financial Management Branch
U.S. EPA, Region II
290 Broadway
New York, NY 10007-1866

and to:

Joe Doogan
U.S. Environmental Protection Agency
26 W. Martin Luther King Drive
Cincinnati Finance Center, MS: NWD
Cincinnati, Ohio 45268

The 2008 Settling Work Defendants shall be jointly and severally liable to pay the amount required by this subparagraph.

b. From the Effective Date of this Consent Decree, the 2008 Settling Work Defendants are jointly and severally liable with the 2000 Settling Work Defendants to the EPA Hazardous Substance Superfund for Future Response Costs, as that term is defined in the 2000 Consent Decree, of the United States as required in Paragraph 48.a., Section XV ("Reimbursement of Response Costs") of the 2000 Consent Decree.

c. From the Effective Date of this Consent Decree, the 2008 Settling Work Defendants are jointly and severally liable with the 2000 Settling Work Defendants for reimbursement to the State for Future Response Costs of the State as required in Paragraph 48.b., Section XV ("Reimbursement of Response Costs") of the 2000 Consent Decree.

11. In the event that the payments required by Paragraph 10.a. are not made within 30 days of the effective date of this Consent Decree, the 2008 Settling Work Defendants shall be liable for Interest, as defined in Section IV of the 2000 Consent Decree, on such late payments. Interest shall continue to accrue on the unpaid balance through the date of payment. In the event that the payments required by Paragraph 10.b. and 10.c. are not made within 30 days of the 2008 Settling Work Defendants' receipt of the bill, the 2008 Settling Work Defendants shall pay Interest on the unpaid balance in accordance with Paragraph 48 of the 2000 Consent Decree.

12. Payment of Natural Resource Damages to the State

The 2008 Settling Work Defendants shall be jointly and severally obligated to pay to the State Plaintiffs in accordance with directions received from the State the sum of $95,747.14 in payment of State Natural Resource Damages within 30 days of entry of this Consent Decree. The State Plaintiffs shall use these funds in a manner consistent with CERCLA and the Spill Act, including for the restoration, replacement or acquisition of the equivalent of the injured natural resource, i.e., groundwater. The 2008 Settling Work Defendants shall pay the amount specified above by certified check made payable to the "Treasurer, State of New Jersey." The 2008 Settling Work Defendants shall mail or otherwise deliver the payment and payment invoice to the Section Chief, Cost Recovery and Natural Resource Damages, Department of Law and Public Safety,

Division of Law, Richard J. Hughes Justice Complex, 25 Market Street, P.O. Box 093, Trenton, New Jersey 08625-0093.

13. Obligations of the 2008 Settling Work Defendants for Work Required Under the 2000 Consent Decree.

a. From the Effective Date of this Consent Decree, the 2008 Settling Work Defendants shall be jointly and severally obligated with the 2000 Settling Work Defendants to conduct and complete the Work set forth in Section VI ("Performance of the Work by Settling Work Defendants") of the 2000 Consent Decree, including performance of the Work provided for by the 1998 ROD, the SOW, and any subsequent modifications thereto.

b. From the Effective Date of this Consent Decree, the 2008 Settling Work Defendants shall also be jointly and severally responsible with the 2000 Settling Work Defendants for fulfillment of all obligations of the 2000 Settling Defendants pursuant to Sections VII ("Quality Assurance, Sampling, and Data Analysis"), VIII ("Access and Institutional Controls"), IX ("Reporting Requirements"), X ("EPA Approval of Plans and Other Submissions"), XI ("Project Coordinators"), XII ("Assurance of Ability to Complete Work"), XIII ("Certification of Completion"), XIV ("Indemnification and Insurance"), XV ("Reimbursement of Response Costs"), XVI ("Indemnification and Insurance") of the 2000 Consent Decree. Plaintiffs, in turn, will treat the 2008 Settling Work Defendants consistently with their obligations to the 2000 Settling Work Defendants under the 2000 Consent Decree.

14. Obligations of the 2008 De Minimis Settling Defendants.

The 2008 De Minimis Settling Defendants shall pay to the Settling Work Defendants or to the QSF Trust, in accordance with the the agreements entered into between the Settling Work

Defendants and the 2008 De Minimis Defendants, the amounts set forth in Appendix E to this Consent Decree to fund the Work required under this Consent Decree and the 2000 Consent Decree.

VII. STIPULATED PENALTIES

15. a. If any amounts due under Paragraphs 10 or 12, Section VI ("Obligations of the 2008 Settling Defendants") are not paid by the required date, the 2008 Settling Work Defendants shall pay to EPA (or the State Plaintiffs for the amount due under Paragraph 12 only), as a stipulated penalty, in addition to the Interest required by Paragraph 11, Section VI ("Obligations of the 2008 Settling Defendants") of this Consent Decree, the following amounts per violation per day that such payment is late:

| Penalty Per Violation Per Day | Period of Noncompliance |
| --- | --- |
| $1,000 | 1st through 5th day |
| $1,500 | 6th through 15th day |
| $2,000 | 16th through 30th day |
| $7,000 | 31st through 45th day |
| $10,000 | 46th day and beyond |

b. From the Effective Date of this Consent Decree, the 2008 Settling Work Defendants are jointly and severally responsible with the 2000 Settling Work Defendants for the performance obligations as set forth in Section VI ("Performance of the Work by Settling Work Defendants") of the 2000 Consent Decree, and are jointly and severally responsible for any noncompliance with those obligations, and for payment of stipulated penalties pursuant to Section XIX of the 2000 Consent Decree for any such noncompliance. Therefore, Section XIX ("Stipulated

Penalties") of the 2000 Consent Decree is incorporated herein and, except for stipulated penalties for Work conducted before the Effective Date of this Consent Decree, is made applicable to the 2008 Settling Work Defendants, jointly and severally with the 2000 Settling Work Defendants, except that Subparagraph 15.a hereof will control if Section XIX of the 2000 Consent Decree is inconsistent with Subparagraph a hereof.

## VIII. COVENANTS BY PLAINTIFFS

### A. 2008 Settling Work Defendants

16. In consideration of the actions that will be performed and the payments that will be made by the 2008 Settling Work Defendants under the terms of the Consent Decree, and except as specifically provided in Paragraph 18 of this Section, the United States covenants not to sue or to take administrative action against the 2008 Settling Work Defendants pursuant to Sections 106 and 107(a) of CERCLA for the Interim Remedy, performance of the Work and for recovery of Past Response Costs, and Future Response Costs, as defined in Section IV of the 2000 Consent Decree, of the United States. This covenant not to sue shall take effect upon the receipt by EPA of the payments required by Paragraph 10 of Section VI ("Obligations of the 2008 Settling Defendants"). This covenant not to sue is conditioned upon the satisfactory performance by the 2008 Settling Work Defendants of all their obligations under this Consent Decree. This covenant not to sue extends only to the 2008 Settling Work Defendants and does not extend to any other person.

17. In consideration of the actions that will be performed and the payments that will be made by the 2008 Settling Work Defendants under the terms of the Consent Decree, and except as specifically provided in Paragraph 18 of this Section, the State Plaintiffs covenant not to sue or to

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 21 of 87

take administrative action against the 2008 Settling Work Defendants pursuant to Section 107 of CERCLA, 42 U.S.C. §9607, the Spill Act, the Solid Waste Management Act, the Sanitary Landfill Act, the Water Pollution Control Act, the common law of nuisance, the common law of negligence, or strict liability for the Interim Remedy, performance of the Work, Past and Future Response Costs of the State, or State Natural Resources Damages, as these terms are defined in the 2000 Consent Decree, relating to the Site. These covenants not to sue shall take effect upon the receipt by DEP of the payments required by Paragraph 12 of Section VI ("Obligations of the 2008 Settling Defendants"). This covenant not to sue is conditioned upon the satisfactory performance by the 2008 Settling Work Defendants of their obligations under this Consent Decree. This covenant not to sue extends only to the 2008 Settling Work Defendants and does not extend to any other person.

18. General reservations of rights. The covenants set forth above do not pertain to any matters other than those expressly specified in Paragraphs 16 and 17. The United States and the State reserve, and this Consent Decree is without prejudice to, all rights against the 2008 Settling Work Defendants with respect to all other matters, including but not limited to, the following:

a. claims based on a failure by the 2008 Settling Work Defendants to meet a requirement of this Consent Decree;

b. liability arising from the past, present, or future disposal, release, or threat of release of Waste Materials outside of the Site;

c. liability for future disposal of Waste Material at the Site, other than as provided in the ROD, the Work, or otherwise ordered, approved or permitted by EPA or DEP;

d. liability to the United States for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

e. criminal liability;

f. after the Effective Date of this Consent Decree, liability for violations of federal or state law which occur during or after implementation of the Remedial Action;

g. liability for additional operable units at the Site, including the final response action; and

h. liability for costs that the United States or the State will incur related to the Site but are not within the definition of Future Response Costs or State Natural Resource Damages, as set forth in Section IV of the 2000 Consent Decree.

B. 2008 De Minimis Settling Defendants

19. In consideration of the payments to be made in accordance with Paragraph 14 of Section VI ("Obligations of the 2008 Settling Defendants") and Appendix E of this Consent Decree, and except as specifically provided in Paragraph 22 of this Section, the United States covenants not to sue or take administrative action against the 2008 De Minimis Settling Defendants pursuant to Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606, 9607, relating to the Site.

20. In consideration of the payments to be made in accordance with Paragraph 14 of Section VI ("Obligations of the 2008 Settling Defendants") and Appendix E of this Consent Decree, and except as specifically provided in Paragraph 22 of this Section, the State Plaintiffs covenant not to sue or to take administrative action against the 2008 De Minimis Settling Defendants pursuant to Section 107 of CERCLA, 42 U.S.C. §9607, the Spill Act, the Solid Waste Management Act, the

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 23 of 87

Sanitary Landfill Act, the Water Pollution Control Act, the common law of nuisance, the common law of negligence, or strict liability with respect to the Site, and the State covenants not to sue or to take administrative action against the 2008 De Minimis Settling Defendants for State Natural Resource Damages relating to the Site.

21. These covenants shall take effect for each 2008 De Minimis Settling Defendant upon notification to the United States and the State by the QSF Trust that the 2008 De Minimis Settling Defendant's payments have been received by the QSF Trust. With respect to each 2008 De Minimis Settling Defendant, individually, these covenants not to sue are conditioned upon: a) the satisfactory performance by each 2008 De Minimis Settling Defendant of all of its obligations under this Consent Decree; and b) the veracity of the information provided to EPA by the 2008 De Minimis Settling Defendants relating to the 2008 De Minimis Settling Defendant's involvement with the Site. The United States' and the State Plaintiffs' covenants extend only to the 2008 De Minimis Settling Defendants and do not extend to any other person.

22. a. General reservations of rights. The covenants set forth in Paragraphs 19 and 20 above do not pertain to any matters other than those expressly specified in Paragraphs 19 and 20. The United States and the State reserve, and this Consent Decree is without prejudice to, all rights against the 2008 De Minimis Settling Defendants, and EPA and the federal natural resources trustees and the State Plaintiffs reserve, and this Consent Decree is without prejudice to, all rights against the 2008 De Minimis Settling Defendants with respect to all other matters, including but not limited to, the following:

i. claims based on a failure by the 2008 De Minimis Settling Defendants to meet a requirement of this Consent Decree;

ii. liability arising from future arrangement for disposal or treatment of a hazardous substance, pollutant or contaminant at the Site after the date of lodging of this Consent Decree;

iii. liability to the United States for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments; and

iv. criminal liability.

b. Notwithstanding any other provision in this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings against any 2008 De Minimis Settling Defendant in this action or in a new action or to issue an administrative order to any 2008 De Minimis Settling Defendant seeking to compel that 2008 De Minimis Settling Defendant to perform response actions relating to the Site, and/or to reimburse the United States or the State for additional costs of response, if information is discovered which indicates that such 2008 De Minimis Settling Defendant contributed hazardous substances to the Site in such greater amount or of such greater toxic or other hazardous effect that such 2008 De Minimis Settling Defendant no longer qualifies as a de minimis party at the Site because the 2008 De Minimis Settling Defendant contributed greater than 1% of the hazardous substances at the Site, or contributed hazardous substances which are significantly more toxic or are of significantly greater hazardous effect than other hazardous substances at the Site.

23. Work Takeover. In the event EPA determines that the Settling Work Defendants have ceased implementation of any portion of the Work, are seriously or repeatedly deficient or late in their performance of the Work, or are implementing the Work in a manner which may cause an endangerment to human health or the environment, EPA may assume the performance of all or any portions of the Work as EPA determines necessary. The 2008 Settling Work Defendants may invoke the procedures set forth in Section XVIII (Dispute Resolution) of the 2000 Consent Decree to dispute EPA's determination that takeover of the Work is warranted under this Paragraph. Costs incurred by the United States or the State Plaintiffs in performing the Work pursuant to this Paragraph shall be considered Future Response Costs, as defined in Section IV of the 2000 Consent Decree, that Settling Work Defendants shall pay pursuant to Section VI of this Consent Decree ("Obligations of the 2008 Settling Defendants") and Section XV of the 2000 Consent Decree.

24. Notwithstanding any other provision of this Consent Decree, the United States and the State retain all authority and reserve all rights to take any and all response actions authorized by law.

## IX. COVENANTS BY THE 2008 SETTLING DEFENDANTS

25. Covenant Not to Sue by the 2008 Settling Defendants. Subject to the reservations in Paragraphs 26 and 27, the 2008 Settling Defendants hereby covenant not to sue and agree not to assert any claims or causes of action against the United States or the State with respect to the Work, past response actions, Past and Future Response Costs and State Natural Resource Damages as defined in the 2000 Consent Decree, and as to any future response costs or natural resource damages incurred, or to be incurred, by the 2008 Settling Defendants under this Consent Decree, and/or the 2000 Consent Decree, including, but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA Sections 106(b)(2), 107, 111, 112, 113 or any other provision of law;

b. any claims against the United States, including any department, agency or instrumentality of the United States under CERCLA Sections 107 or 113 related to the Site;

c. any claims arising out of response activities at the Site, including claims based on EPA's or the State's selection of response actions, oversight of response activities or approval of plans for such activities;

d. any claims for costs, fees or expenses incurred in this action or related to the Site, including claims under 28 U.S.C. § 2412 (Equal Access to Justice Act), as amended;

e. any claim under the Constitution of the United States, the Tucker Act, 28 U.S.C. § 1491, the New Jersey Constitution, or at common law, arising out of or relating to access to, institutional controls on or other restrictions on the use or enjoyment of the Site, or response activities undertaken at the Site.

26. The 2008 Settling Defendants reserve, and this Consent Decree is without prejudice to: (a) claims against the United States, subject to the provisions of Chapter 171 of Title 28 of the United States Code, for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. However, any such claim shall not include a claim for any damages

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 27 of 87

caused, in whole or in part, by the act or omission of any person, including any contractor, who is not a federal employee as that term is defined in 28 U.S.C. § 2671; nor shall any such claim include a claim based on EPA's selection of response actions, or the oversight or approval of the plans or activities of the 2008 Settling Defendants. The foregoing applies only to claims which are brought pursuant to any statute other than CERCLA and for which the waiver of sovereign immunity is found in a statute other than CERCLA; or (b) contribution claims against the Settling Federal Agencies in the event any claim is asserted by the United States or the State against the Setting Defendants under the authority of or under Paragraphs 18(a)-(c) or 18(g) or (h) of Section VIII (Covenants by Plaintiff), but only to the same extent and for the same matters, transactions, or occurrences as are raised in the claim of the United States or the State against Settling Defendants.

27. The 2008 Settling Defendants reserve, and this Consent Decree is without prejudice to, claims against the State, subject to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, *et seq.*; the New Jersey Contractual Liability Act, N.J.S.A. 59:13-1, *et seq.*; the New Jersey Constitution, *N.J. Const.* art. VIII, §2, ¶2; or any other provision of law, for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful acts or omissions of any employee of the State while acting within the scope of his or her office or employment. Any such claim shall not include a claim for any damages based on DEP's selection of response actions, or the oversight or approval of the plans or activities of Settling Work Defendants.

28. Nothing in this Consent Decree shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, 40 C.F.R. § 300.700(d). Further, nothing in this Consent Decree shall be deemed to constitute preauthorization of a claim

against the New Jersey Spill Compensation Fund pursuant to N.J.S.A. 58:10-23.11k. and N.J.A.C. 7:1J, or against the New Jersey Sanitary Landfill Facility Contingency Fund pursuant to N.J.S.A. 13:1E-107 and N.J.A.C. 7:1I.

29. The 2008 Settling Defendants agree not to assert any claims and to waive all claims or causes of action that they may have for all matters relating to the Site, including for contribution, against any person where the person's liability to the 2008 Settling Defendants with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if

a. any materials contributed by such person to the Site constituting Municipal Solid Waste ("MSW") or Municipal Sewage Sludge ("MSS") did not exceed 0.2% of the total volume of waste at the Site; and

b. any materials contributed by such person to the Site containing hazardous substances, but not constituting MSW or MSS, did not exceed the greater of (i) 0.002% of the total volume of waste at the Site, or (ii) 110 gallons of liquid materials or 200 pounds of solid materials.

This waiver shall not apply to any claim or cause of action against any person meeting the above criteria if EPA has determined that the materials contributed to the Site by such person contributed or could contribute significantly to the costs of response at the Site.

## X. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

30. Except as provided in Paragraph 29, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.

The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this decree may have under applicable law. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

31. The Parties agree, and by entering this Consent Decree this Court finds, that the 2008 Settling Defendants are entitled, as of the effective date of this Consent Decree, to protection from contribution actions or claims as provided by CERCLA Section 113 (f) (2) , 42 U. S. C. § 9613 (f) (2), for matters addressed in this Consent Decree, and that the 2008 De Minimis Settling Defendants are entitled, as of the effective date of this Consent Decree, to protection from contribution actions or claims as provided by CERCLA Section 122(g)(5), 42 U.S.C.§ 9622(g)(5), relating to the Site. "Matters addressed in this Consent Decree" are the Interim Remedy, Remedial Design, the Remedial Action, the Work, Operation and Maintenance, Past Response Costs, and Future Response Costs, as defined in the 2000 Consent Decree. In addition, the term includes, as to the State, any claims by the State relating to the Site, under the Spill Act, the Solid Waste Management Act, the Sanitary Landfill Act, the Water Pollution Control Act, the common law of nuisance and negligence and strict liability, and for State Natural Resource Damages, as defined in the 2000 Consent Decree, except for those claims reserved under Paragraphs 18 and 22.

32. The 2008 Settling Defendants agree that with respect to any suit or claim for contribution brought by them for matters related to this Consent Decree, they will notify the United States and the State in writing no later than 60 days prior to the initiation of such suit or claim.

33. The 2008 Settling Defendants also agree that with respect to any suit or claim for contribution brought against them for matters related to this Consent Decree, they will notify in writing the United States and the State within 10 days of service of the complaint on them. In addition, the 2008 Settling Defendants shall notify the United States and the State within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial.

34. In any subsequent administrative or judicial proceeding initiated by the United States or the State for injunctive relief, recovery of response costs, or other appropriate relief relating to the Site, the 2008 Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, the entire controversy doctrine, or other defenses based upon any contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section VIII ("Covenants By Plaintiffs"). In particular, but not by way of limitation, the Court has determined, for purposes of the New Jersey entire controversy doctrine, that the United States and the State need not assert claims related to liability for additional operable units, or the final remedial action relating to these operable units at the Site, at this stage of the litigation, which claims are hereby preserved.

## XI. ACCESS TO INFORMATION

35. The 2008 Settling Work Defendants shall provide to EPA and the State, upon request, at reasonable times, copies of all non-privileged documents and information within their possession

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 31 of 87

or control or that of their contractors or agents relating to activities at the Site or to the implementation of this Consent Decree, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other non-privileged documents or information related to the Work. The 2008 Settling Work Defendants shall also make available to EPA and DEP, for purposes of investigation, information gathering, or testimony, upon reasonable notice and at reasonable times and places, their employees, agents, or representatives with knowledge of relevant facts concerning the performance of the Work.

36. a. The 2008 Settling Work Defendants may assert business confidentiality claims covering part or all of the documents or information submitted to Plaintiffs under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Documents or information determined to be confidential by EPA, will be afforded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies documents or information when they are submitted to EPA and the DEP, or if EPA has notified the applicable 2008 Settling Work Defendant that the documents or information are not confidential under the standards of Section 104(e)(7) of CERCLA, the public may be given access to such documents or information in accordance with the requirements of 40 C.F.R. § 2.205, without further notice to the 2008 Settling Defendants.

b. One or more of the 2008 Settling Work Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If any 2008 Settling Work Defendant asserts such a privilege in lieu of providing documents, the 2008 Settling Work Defendant shall provide the

Plaintiffs with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the contents of the document, record, or information; and (6) the privilege asserted by the 2008 Settling Work Defendant. However, no documents, reports or other information created or generated pursuant to the requirements of this Consent Decree shall be withheld on the grounds that they are privileged.

37. No claim of confidentiality shall be made with respect to any data, including, but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data (other than the Construction Cost Estimate referred to in Paragraph VII.C.5 of the SOW), or any other documents or information evidencing conditions at or around the Site.

XII. RETENTION OF RECORDS

38. Until ten years after the 2008 Settling Work Defendants' receipt of EPA's notification pursuant to Paragraph 44(b) of Section XIII ("Certification of Completion") of the 2000 Consent Decree, each of the 2008 Settling Work Defendants shall preserve and retain at least one copy of all records and documents now in its possession or control or which come into its possession or control that relate in any manner to the performance of the Work or liability of any person for response actions conducted and to be conducted at the Site, regardless of any corporate retention policy to the contrary. Until ten years after the 2008 Settling Work Defendants' receipt of EPA's notification pursuant to Paragraph 44(b) of Section XIII ("Certification of Completion") of the 2000 Consent Decree, the 2008 Settling Work Defendants shall also instruct their contractors and agents to preserve at least one copy of all documents, records, and information of whatever kind, nature or

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 33 of 87

description relating to the performance of the Work to the extent these documents, records, and information are not retained by the 2008 Settling Work Defendants.

39. At the conclusion of this document retention period, the 2008 Settling Work Defendants shall notify the United States and the State at least 90 days prior to the destruction of any such records or documents, and, upon request by the United States or the State, the 2008 Settling Work Defendants shall make any such records or documents available to EPA or the State Plaintiffs. The 2008 Settling Work Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the 2008 Settling Work Defendants assert such a privilege, they shall provide the Plaintiffs with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by the 2008 Settling Work Defendants. However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

40. Each 2008 Settling Defendant hereby certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not, with any intent to limit or avoid liability, altered, mutilated, discarded, destroyed or otherwise disposed of all copies of any records, documents or other information relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information related to the Site,

pursuant to Section 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927, and has fully complied with any and all DEP requests for information pursuant to the Spill Act, the Solid Waste Management Act, the Sanitary Landfill Act, the Water Pollution Control Act, and DEP's enabling legislation, N.J.S.A. 13:1D-1 *et seq*.

## XIII. NOTICES AND SUBMISSIONS

41. Whenever, under the terms of this Consent Decree, unless otherwise agreed upon, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, the State, the State Plaintiffs, the 2008 Settling Defendants, and the 2008 Settling Work Defendants, respectively.

As to the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

Re: DOJ #90-11-3-06104/3

and

As to EPA:

ATTN: Chemsol Site Remedial Project Manager
New Jersey Remediation Branch
Emergency and Remedial Response Division

U.S. Environmental Protection Agency, Region II
290 Broadway, 19th Floor
New York, New York 10007-1866

ATTN: Chemsol Site Attorney
New Jersey Superfund Branch
Office of Regional Counsel
U.S. Environmental Protection Agency, Region II
290 Broadway, 17th Floor
New York, New York 10007-1866

As to the State and NJDEP:
ATTN: Chemsol Site Manager
New Jersey Department of Environmental Protection
401 East State Street
P.O. Box 413
Trenton, New Jersey 08625-0413

ATTN: Section Chief
Cost Recovery & Natural Resource Damages Section
Division of Law
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 093
Trenton, New Jersey 08625-0093

As to the 2008 Settling Defendants and the 2008 Settling Work Defendants:
William J. Lee
Settling Work Defendants' Project Coordinator
de maximis, inc.
186 Center Street, Suite 290
Clinton, New Jersey 08809

## XIV. EFFECTIVE DATE AND TERMINATION

42. The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court, except as otherwise provided herein. When the 2008 Settling Work Defendants believe that the Work required by this Consent Decree has been completed and the

United States and the State have been reimbursed by the 2008 Settling Work Defendants for all amounts due under Section VI ("Obligations of the 2008 Settling Defendants"), the 2008 Settling Work Defendants may petition the United States and the State for agreement to terminate this Consent Decree. If the United States and the State accept the petition, the United States, the State and the 2008 Settling Work Defendants shall jointly petition the Court for termination of this Consent Decree. If the United States or the State rejects the petition, the United States or the State, as the case may be, shall explain its reasons in writing, and the procedures of Section XVIII (Dispute Resolution) of the 2000 Consent Decree shall apply. Termination shall not affect the provisions of Section VII ("Covenants by Plaintiffs"), Section IX ("Covenants by the 2008 Settling Defendants"), Section X ("Effect of Settlement; Contribution Protection") and Section XII ("Retention of Records").

## XV. RETENTION OF JURISDICTION

43. This Court retains jurisdiction over both the subject matter of this Consent Decree and the United States, the State Plaintiffs, and the 2008 Settling Defendants for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms, to resolve disputes in accordance with Section XVIII ("Dispute Resolution") of the 2000 Consent Decree or to enforce the obligations of the 2008 De Minimis Settling Defendants to pay the Settling Work Defendants under this Consent Decree or to enforce the

agreements among the 2008 Settling Work Defendants to satisfy their obligations pursuant to the terms to this Consent Decree.

XVI. APPENDICES

44. The following appendices are attached to and incorporated into this Consent Decree:

Appendix A: 2000 Consent Decree

Appendix B: Mahan Consent Decree

Appendic C: List of Settling Defendants

Appendix D: List of 2008 Settling Defendants

Appendix E: List of 2008 De Minimis Settling Defendants' Contributions

XVII. COMMUNITY RELATIONS

45. The 2000 Settling Work Defendants have previously proposed a community relations plan that has been approved by EPA. The 2008 Settling Work Defendants shall cooperate with the 2000 Settling Defendants, EPA and DEP in providing information regarding the Work to the public. As requested by EPA, the 2008 Settling Work Defendants shall participate along with the 2000 Settling Work Defendants in the preparation of such information for dissemination to the public and in public meetings which may be held or sponsored by EPA to explain activities at or relating to the Site. The Settling Work Defendants shall not be precluded from undertaking their own community relations efforts if approved by EPA. This Paragraph shall not be interpreted to inhibit or affect the community relations efforts by the Settling Work Defendants; provided, however, that such efforts shall not be inconsistent with the NCP or any approved community relations plan developed in accordance with this Section, and provided that EPA, approves any community relations plan.

XVIII. MODIFICATION

46. Schedules specified in this Consent Decree or in plans prepared and approved pursuant to this Consent Decree for completion of the Work may be modified by agreement of EPA and the Settling Work Defendants. All such modifications shall be made in writing. The permits or permit equivalents required for the Work may be modified in accordance with the procedures governing the modifications of such permits.

47. Except as provided in Paragraph 13 of the 2000 Consent Decree, no material modifications shall be made to the SOW without written notification to and written approval of the United States, the Settling Work Defendants, and the Court. Prior to providing its approval to any modification, the United States will provide the State with a reasonable opportunity to review and comment on the proposed modification. Modifications to the SOW that do not materially alter that document may be made by written agreement between EPA, after providing the State with a reasonable opportunity to review and comment on the proposed modification, and the Settling Work Defendants.

48. Nothing in this Consent Decree shall be deemed to alter the Court's power to enforce, supervise or approve modifications to this Consent Decree.

XIX. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

49. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622 (d) (2), and 28 C.F.R. § 50.7. The United States and the State reserve the right to withdraw or withhold their consent if the comments regarding the Consent Decree disclose facts or

considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate. The 2008 Settling Defendants consent to the entry of this Consent Decree without further notice.

50. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

XX. SIGNATORIES/SERVICE

51. Each undersigned representative of a Settling Defendant to this Consent Decree, the State Plaintiffs and the Assistant Attorney General for Environment and Natural Resources of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

52. Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States or the State has notified the Settling Defendants in writing that it no longer supports entry of the Consent Decree.

53. Each Settling Defendant shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. The Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 40 of 87

XXI. FINAL JUDGMENT

54. Upon approval and entry of this Consent Decree by this Court, this Consent Decree shall constitute the final judgment between and among the United States, the State, and the Settling Defendants. The Court finds there is no just reason for delay and therefore enters this judgment as a Final Judgment pursuant to Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 2ND DAY OF December, 2008.

United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.*, relating to the Chemsol, Inc. Superfund Site.

FOR THE UNITED STATES OF AMERICA

Date: 10 August 2008

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

DEANNA J. CHANG
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611
202.514.4185

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 42 of 87

*United States v. Air Products & Chemicals, Inc. et al.*
Consent Decree Signature Page

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

Date: 5/28/08 ______________________________
for GEORGE PAVLOU
Acting Director, Emergency and Remedial Response Div.
U.S. Environmental Protection Agency, Region II
290 Broadway
New York, New York 10007-1866

______________________________
AMELIA M. WAGNER
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region II
290 Broadway, 17th Floor
New York, New York 10007-1866

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 43 of 87

*United States v. Air Products and Chemicals, Inc., et al.*
Consent Decree Signature Page

FOR THE STATE OF NEW JERSEY

Date: 5/14/08

Irene Kropp
Assistant Commissioner, Site Remediation
New Jersey Department of Environmental Protection
401 East State Street
P.O. Box 028
Trenton, NJ 08625-008

Date:

Amy Cradic
Assistant Commissioner, Natural and Historic Resources
New Jersey Department of Environmental Protection
501 East State Street
P.O. Box 404
Trenton, New Jersey 08625-0404

Date: 5/13/08

Anthony J. Farro
Administrator, New Jersey Spill Compensation Fund
401 East State Street
P.O. Box 413
Trenton, NJ 08625-0413

Date: 5/22/08

Brendan Ruane
Deputy Attorney General
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 119
Trenton, New Jersey 08625-0119

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 44 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Air Products and Chemicals, Inc.
Company Name

Date: 2/25/08

TS

[Name -- Please Type] Robert D. Dixon
[Title -- Please Type] Sr. Vice President and General Manager, Merchant Gases
[Address -- Please Type]
7201 Hamilton Blvd.
Allentown, PA 18195

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Todd Solodar

Title: Attorney

Address: 7201 Hamilton Blvd., Allentown, PA 18195

Tel. Number: (610) 481-2558

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Alcoa Inc.
Company Name

Date: 2/25/08

[Name -- Please Type] Ronald D. Dickel
[Title -- Please Type] Vice President
[Address -- Please Type] 201 Isabella Street
Pittsburgh, PA 15212

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Dan J. Jordanger

Title: Counsel

Address: Hunton & Williams, 951 E. Byrd St., Richmond, VA 23219

Tel. Number: (804) 788-8609

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR American Airlines, Inc.
Company Name

Date: 3/26/08

Name -- Peggy E. Sterling
Title -- Vice President – Safety, Security, & Environmental
Address -- 4333 Amon Carter Blvd.
Fort Worth, TX 76155

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: The Corporation Trust Company

Title: ______________________

Address: 820 Bear Tavern Road, West Trenton, NJ 08628

Tel. Number: 1-800-925-7562

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 47 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR BASF Catalysts LLC
Company Name

Date: 4-15-08

Nan Bernardo

**Nan Bernardo, Esq.**
**BASF Corporation**
**100 Campus Drive**
**Florham Park, NJ 07932**

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: **Nan Bernardo, Esq.**

Title: **BASF Corporation**

Address: **100 Campus Drive**
**Florham Park, NJ 07932**
**(973) 245-6050**

Tel. Number: ______________

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 48 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Beazer East, Inc.

Date: 4/10/08

Jill M. Blundon, Esquire
Vice President, General Counsel & Secretary
One Oxford Centre, Suite 3000
301 Grant Street
Pittsburgh, PA 15219

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Lindsay P. Howard, Esquire

Title: Counsel for Beazer East, Inc.

Address: Babst, Calland, Clements & Zomnir, P.C.
Two Gateway Center, Pittsburgh, PA 15222

Tel. Number: (412) 394-5444

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Benjamin Moore & Co.
Company Name

Date: April 4, 2008

[signature]

[Name -- Please Type] JoAnn Glaccum
[Title -- Please Type] VP, General Counsel, Secretary and Compliance Officer
[Address -- Please Type] 101 Paragon Drive
Montvale, NJ 07645

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: JoAnn Glaccum

Title: VP, General Counsel, Secretary and Compliance Officer

Address: 101 Paragon Drive, Montvale, NJ 07645

Tel. Number: (201) 573-9600

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Borden, Inc.
Company Name

Date: March 4, 2008

[signature]
[Name -- Please Type]
[Title -- Please Type]
[Address -- Please Type]

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: William J. Denton

Title: Attorney

Address: Shook, Hardy & Bacon LLP
2555 Grand Blvd.
Kansas City, MO 64108

Tel. Number: (816-559-2398

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Bristol-Myers Squibb Company
Company Name Reed W. Neuman
Reed W. Neuman, Esq.
Counsel
O'Connor & Hannan, LLP
1666 K St., NW, Suite 500, Washington, D.C. 20006
[Name -- Please Type]
[Title -- Please Type]
[Address -- Please Type]

Date: 3-12-08

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Reed W. Neuman, Esq.

Title: Counsel

Address: O'Connor & Hannan, LLP
1666 K Street, N.W., Suite 500
Washington, D.C. 20006

Tel. Number: (202) 887-1480

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al* relating to the Chemsol, Inc. Superfund Site.

FOR Chevron Environmental Management Company,
for itself and on behalf of Chevron U.S.A. Inc.
and Kewanee Industries, Inc.

Date: 2/29/08

Robert R. John
Assistant Secretary
Chevron Environmental Management Company
6001 Bollinger Canyon Road, Building K
San Ramon, CA 94583

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Corporation Service Company
Title:
Address: 830 Bear Tavern Road
West Trenton, NJ 08628
Phone: 800-222-2122

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 53 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al* relating to the Chemsol, Inc. Superfund Site.

FOR Chevron Environmental Management Company,
for itself and on behalf of Texaco Inc.

Date: 2/29/08

Robert R John

Robert R. John
Assistant Secretary
Chevron Environmental Management Company
6001 Bollinger Canyon Road, Building K
San Ramon, CA 94583

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Corporation Service Company
Title:
Address: 830 Bear Tavern Road
West Trenton, NJ 08628
Phone: 800-222-2122

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 54 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air*

*Products & Chemicals, Inc. et al.* relating to the Chemsol, Inc. Superfund Site.

FOR CNA Holdings, Inc. f/k/a Hoechst Celanese Corporation

Date: April 9, 2008

Miguel A. Desdin
President
1601 W. LBJ Frwy.
Dallas, TX 75234

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Gary Rowen

Title: Director EHS Law, Associate General Counsel

Address: 1601 W. LBJ Frwy.
Dallas, TX 75234

Tel. Number: (972) 443-4525

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 55 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Colgate-Palmolive Company

Date: April 11, 2008

Clifford E. Wilkins, Jr.
Associate General Counsel – Litigation & Regulatory
Colgate-Palmolive Company
300 Park Avnue
New York, NY 10022

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: ______________________

Title: ______________________

Address: ______________________

Tel. Number: ______________________

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 56 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc. et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Cornell-Dubilier Electronics, Inc.

Date: 2-29-08

Victor Whitworth
Chief Financial Officer
Cornell-Dubilier Electronics, Inc.
Corporate Office
140 Technology Place
Liberty, SC 29657

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Jonathan M. Ettinger, Esq.

Title: Attorney

Address: Foley Hoag LLP

155 Seaport Boulevard

Boston, MA 02210

Tel. Number: (617) 832-1195

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 57 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Curtiss-Wright Corporation
Company Name

Date: 2/20/08

Mark R. Berenson

[Name -- Please Type] Mark R. Berenson
[Title -- Please Type] Associate General Counsel
[Address -- Please Type] 4 Becker Farm Road
Roseland, NJ 07068

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Same as above

Title: Same as above

Address: Same as above

Tel. Number: 973-597-4756

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 58 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Cytec Industries Inc. (on behalf of itself and on behalf of American Cyanamid company)
Company Name

Date: 3/11/08

[signature]

[Name -- Please Type] Anton C. Marek
[Title -- Please Type] Director, Remediation
[Address -- Please Type] Cytec Industries Inc.
5 Garret Mtn. Plaza
West Paterson, N.J. 07424

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Thomas E. Mescinage

Title: Safety, Health & Environmental Counsel

Address: Cytec Industries Inc.
5 Garret Mountain Plaza West Paterson, N.J. 07424

Tel. Number: 973-357-3358

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 59 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Du Pont Company
Company Name

Date: 3/24/08

Bernard J Reilly

[Name -- Please Type] Bernard Reilly
[Title -- Please Type] Corporate Counsel
[Address -- Please Type] Du Pont - Legal
1007 Market St
Wilmington, DE 19898

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Bernard Reilly

Title: Corporate Counsel

Address: Same

Tel. Number: 302-774-5445

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States* v. *Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

Date: 2-25-08

FOR EGYPTIAN LACQUER MFG. CO.
Company Name

KERRY MATTOX
Name [Please Type]

PRESIDENT
Title [Please Type]

113 FORT GRANGER DR.
Address [Please Type]
FRANKLIN, TN 37064

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: William P. Kealey

Title: Attorney

Address: 300 Main Street, Suite 900, Lafayette, IN 47909

Tel. Number: 765-423-1561

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 61 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Exxon Mobil Corporation, on behalf of itself and its current and former divisions, subsidiaries and affiliates

Company Name

Date: 4/16/08

Robert W. Jackmore

Robert W. Jackmore
Agent and Attorney in Fact
Superfund Manager
3225 Gallows Road, Fairfax, VA 22037

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Joanne M. Wallach

Title: Project Manager

Address: 3225 Gallows Road, Fairfax, VA 22037

Tel. Number: 703-846-3354

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 62 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR FORD MOTOR COMPANY
Company Name

Date: APRIL 8, 2008

[Name -- Please Type] Louis J. Ghilardi
[Title -- Please Type] Assistant Secretary
[Address -- Please Type]

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: The Corporation Trust Company

Title:

Address: 820 Bear Tavern Road, West Trenton, NJ 08628

Tel. Number: 800-992-1074

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 63 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Foster Wheeler LLC
Company Name

Date: April 4, 2008

[Name -- Please Type] Peter J. Ganz
[Title -- Please Type] Executive Vice President, Secretary & General Counsel
[Address -- Please Type] Perryville Corporate Park Clinton, NJ 08809-4000

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: ______________________

Title: ______________________

Address: ______________________

Tel. Number: ______________________

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 64 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR GENERAL ELECTRIC COMPANY
Company Name

Date: 17 Mar 2008

[signature]

[Name -- Please Type] LISA A. HAMILTON
[Title -- Please Type] MANAGER - MIDATLANTIC/SOUTHEAST/WESTERN REGIONS
[Address -- Please Type]
640 FREEDOM BUSINESS CENTER
KING OF PRUSSIA, PA 19406

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: ROGER FLORIO

Title: COUNSEL - ENVIRONMENTAL MATTERS

Address: 640 FREEDOM BUSINESS CENTER
KING OF PRUSSIA, PA 19406

Tel. Number: 610 · 992 · 7969

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 65 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR General Motors Corporation
Company Name

Date: March 13, 2008

James P. Walle

[Name -- Please Type] James P. Walle
[Title -- Please Type] Attorney
[Address -- Please Type] 300 Renaissance Center
MC 482-C24-D24
Detroit, MI 48243

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Cassandra Weaver

Title: Legal Assistant

Address: Mail Code 482-C24-D24
300 Renaissance Center
Detroit, Michigan 48265

Tel. Number: 313-665-2508

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 66 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Gulton Industries, Inc.
Company Name

Date: 4/8/08

[Name -- Please Type]
[Title -- Please Type]
[Address -- Please Type]

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Richard L. Grenolds

Title: Vice President & Chief Accounting Officer

Address: 501 John James Audubon Parkway
Amherst, New York 14228

Tel. Number: 716-689-4980

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 67 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR HERCULES INCORPORATED
Company Name

Date: 3/18/08

Thomas H. Strang
[Name -- Please Type]
[Title -- Please Type] VP, SHERA
[Address -- Please Type] 1313 N. MARKET ST. WILMINGTON, DE 19894

Agent Authorized to Accept Service on Behalf of Above-signed Party:

| | |
|---|---|
| Name: | RICHMOND L. WILLIAMS |
| Title: | CHIEF COUNSEL, SHERA |
| Address: | 1313 NORTH MARKET STREET<br>WILMINGTON, DE 19894 |
| Tel. Number: | 302-594-7020 |

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 68 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR HOFFMANN-LA ROCHE INC.
340 KINGSLAND STREET
NUTLEY, NEW JERSEY 07110
Company Name

Apprv'd As To Form
LAW DEPT.
By [signature]

Date: 4-18-08

[signature]
FREDERICK C. KENTZ III, VICE PRESIDENT
[Name -- Please Type]
[Title -- Please Type]
[Address -- Please Type]

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: JOHN D. ALEXANDER, ESQ.

Title: ASSISTANT GENERAL COUNSEL

Address: HOFFMANN-LA ROCHE INC.
340 KINGSLAND STREET, NUTLEY, N.J. 07110

Tel. Number: 973-235-3447

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 69 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Honeywell
Company Name

Date: 3/17/08

[signature]

[Name -- Please Type] John Morris
[Title -- Please Type] East Coast Portfolio Direc
[Address -- Please Type] Honeywell International I
101 Columbia Road
Morristown, NJ 07962

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Brian D. Israel, Esq.

Title: Counsel to Honeywell International Inc

Address: Arnold + Porter, LLP

Tel. Number: 555 12th St. NW
Washington, DC 20004
202-942-6546

CHEMSOL - CONSENT DECREE

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 70 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR INTERNATIONAL BUSINESS MACHINES, CORP
Company Name

Date: APRIL 11, 2008

4/11/2008

[Name -- Please Type] EDAN DIONNE
[Title -- Please Type] DIRECTOR, CORPORATE
[Address -- Please Type] ENVIRONMENTAL AFFAIRS
294 ROUTE 100
SOMERS, NY 10589

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: MICHAEL R. GALLIGAN

Title: STAFF ATTORNEY, CORPORATE ENVIRONMENTAL AFFAIRS

Address: 294 ROUTE 100, SOMERS NEW YORK 10589

Tel. Number: 914-766-2296

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Kinder Morgan Liquids Terminals, LLC
f/k/a GATX Terminals Corp.

Date: 5/8/08

Jeffrey Armstrong
President
One Allen Center
500 Dallas Street, Suite 1000
Houston, TX 77002

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: The Corporate Trust Company

Title: ____________________

Address: 1209 Orange Street, Wilmington, DE 19801

Tel Number: ____________________

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 72 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR LUCENT TECHNOLOGIES, INC.
Company Name

Date: 3-26-08

Ralph L McMurry

[Name -- Please Type] RALPH L. MCMURRY, ESQ
[Title -- Please Type] OUTSIDE COUNSEL
[Address -- Please Type] 30 VESEY STREET
15Th FLOOR
NEW YORK, NY 10007

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: RALPH L. McMURRY, ESQ

Title: OUTSIDE COUNSEL

Address: 30 VESEY STREET - 15 FLOOR
NEW YORK, NY 10007

Tel. Number: 212-608-5444

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 73 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc. et al.* relating to the Chemsol, Inc. Superfund Site.

FOR: **MACK TRUCKS, INC.**

Date: March 11, 2008

Thayer Dolan, Jr.
Counsel
7900 National Service Road
CC 2/7 Legal Dept.
Greensboro, NC 27409

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Thayer Dolan, Jr.

Title: Counsel

Address: 7900 National Service Road CC2/7
Greensboro, NC 27409

Tel. Number: 336.393.3989

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 74 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Mallinckrodt Baker, Inc. as successor to J.T. Baker, Inc. and Mallinckrodt Inc. as successor to Mallinckrodt Chemical Inc.
Company Name

Date: 2/25/08

[signature]
Vice President
[Name -- Please Type]
[Title -- Please Type]
[Address -- Please Type]

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Patricia H. Duft

Title: Vice President

Address: 675 McDonnell Blvd., Hazelwood, MO 63042

Tel. Number: 314-654-6314

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc. et al.* relating to the Chemsol, Inc. Superfund Site.

FOR MAXUS ENERGY CORPORATION
Company Name

Date: May 13, 2008

S.A.R. Galley
Counsel
1330 Lake Robbins Dr. #300
The Woodlands, TX 77380

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: S.A.R. Galley

Title: Counsel

Address: 1330 Lake Robbins Dr. #300, The Woodlands, TX 77380

Tel. Number: (281) 681-7255

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR MERCK & co., inc.
Company Name

Date: 4/28/08

[Name -- Please Type] Stephen E. Tarnowski
[Title -- Please Type] Asst. Counsel, Environmental
[Address -- Please Type] Two Merck Drive
Whitehouse Station, NJ 08889

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: N/A

Title: ______________________

Address: ______________________

Tel. Number: ______________________

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR **Pfizer, Inc.**
Company Name

Date: 3/14/08

~~[Name – Please Type]~~ ~~[Title – Please Type]~~ ~~[Address – Please Type]~~

**Douglas M. Lankler, Esq.**
**Senior Vice President**
**& Associate General Counsel**
**235 E. 42nd Street**
**Mail Stop N-10-150-02-04**
**New York, NY 10017**

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: **Douglas M. Lankler, Esq.**

Title: **Senior Vice President & Associate General Counsel**

Address: 235 E. 42nd Street
Mail Stop N-10-150-02-04, New York, NY 10017

Tel. Number: 212-733-0752

**And**

**J. Kevin Healy, Esq.**
**Bryan Cave LLP**
**1290 Avenue of the Americas**
**New York, NY 10104**
**212-541-1078**

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Pharmacia Corp By Its Attorney-in-Fact
Company Name Monsanto Company

Date: March 7, 2008

[signature] /LJN

[Name -- Please Type] Jeffrey R. Klieve
[Title -- Please Type] Director, Environmental Affairs
[Address -- Please Type] Monsanto Company
800 N. Lindbergh Blvd.
St. Louis, MO 63167

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Pharmacia Corporation f/k/a Monsanto Company

Title: Corporation Trust Company

Address: 830 Bear Tavern Road
West Trenton, NJ 08628

Tel. Number: 

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 79 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Pratt & Whitney Division of United Technologies Corporation
Company Name

Date: April 3, 2008

W.F. Leikin

[Name -- Please Type] William F. Leikin
[Title -- Please Type] Assistant General Counsel
[Address -- Please Type] United Technologies Corporation
One Financial Plaza
Hartford, CT 06101

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: William F. Leikin

Title: Assistant General Counsel

Address: UTC, One Financial Plaza, Hartford, CT 06101

Tel. Number: (860) 728-6430

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Rohm and Haas Company
Company Name

Date: 4-2-08

Audrey C Friedel

Audrey C. Friedel
Of Counsel
Rohm and Haas Company
100 Independence Mall West
Philadelphia, PA 19106

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Audrey Friedel

Title: Of counsel

Address: Rohm and Haas Company
100 Independence Mall West,
Phila Pa. 19106

Tel. Number: 215-592-6995

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Rutgers, the State University of New Jersey
Company Name

Date: April 17, 2008

[signature]

[Name -- Please Type] Shirley Weitz
[Title -- Please Type] Associate General Counsel
[Address -- Please Type] 7 College Avenue
Winants Hall
New Brunswick, NJ 08901

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Leslie Fehrenbach

Title: Secretary of the University

Address: 7 College Avenue, New Brunswick, NJ 08901

Tel. Number: (732) 932-7434

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 82 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR SCHERING CORPORATION
Company Name

Date: February 21, 2008

A E Moffitt

LAW DEPARTMENT
C A Trinkle
C.A. TRINKLE

[Name -- Please Type] A.E. Moffitt
[Title -- Please Type] Vice President
[Address -- Please Type] 556 Morris Avenue
Summit, New Jersey 07901

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Catherine A. Trinkle

Title: Senior Counsel

Address: 2000 Galloping Hill Road, K-6-1-1800, Kenilworth, New Jersey 07033

Tel. Number: (908) 298-4352

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 83 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Shell Oil Company

Date: 3/27/08

[signature]

Name: Raymond T. Collins
Title: Global Divestments Manager
Address: Shell Chemicals L.P.
P.O. Box 2463
Houston, Texas 77252-2463

Agent Authorized to Accept Service on Behalf of Above-signing Party:

Name: Kimberly Lesniak

Title: Senior Legal Counsel

Address: Shell Oil Company
One Shell Plaza
910 Louisiana Street
Houston, TX 77002

Tel. Number: (713) 241-5403

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 84 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR ______________________
Stoney-Mueller, Inc.

Date: 2-25-08

[signature]
Name:
Title: 25% Owner
Address: 8698 Mississippi Rn
Brooksville Fl 34613

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: John H. Klock

Title: Attorney for Stoney-Mueller, Inc.

Address: c/o Gibbons P.C., One Gateway Center, Newark, NJ 07102-5310

Tel. Number: (973) 596-4757

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 85 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Union Carbide Corporation
Company Name

Date: Feb. 20, 2008

[Name -- Please Type] Michael T. Kay
[Title -- Please Type] Attorney
[Address -- Please Type] 2030 Dow Center
Midland, MI 48674

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: THE CORPORATION TRUST COMPANY

Title: Authorized Agent

Address: 820 Bear Tavern Rd 3rd Fl

Tel. Number: ______________________

Case 2:08-cv-04216-SDW-MCA Document 2-2 Filed 08/22/2008 Page 86 of 87

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR **Warner-Lambert Co. LLC, a Wholly-owned subsidiary of Pfizer Inc.**
Company Name

Date: 3/18/08

~~[Name -- Please Type]~~
~~[Title -- Please Type]~~
~~[Address -- Please Type]~~

**Douglas M. Lankler, Esq.**
**Senior Vice President and Associate General Counsel**
**Pfizer Inc.**
**235 East 42nd Street**
**Mail Stop N-10-150-02-04**
**New York, NY 10017**

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: **Douglas M. Lankler, Esq.**

Title: **Senior Vice President and Associate General Counsel**
**Pfizer Inc.**

Address: **235 E. 42nd St., Mail Stop N-10-150-02-04, NY, NY 10017**

Tel. Number: **(212) 733-0752**

**And**

**J. Kevin Healy, Esq.**
**Bryan Cave LLP**
**1290 Avenue of the Americas**
**New York, NY 10104**
**(212) 541-1078**
**(212) 541-1378**

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Air Products and Chemicals, Inc., et al.* relating to the Chemsol, Inc. Superfund Site.

FOR Wyeth-Ayerst Pharmaceuticals Inc. (now known as Wyeth Pharmaceuticals Inc.)

Date: ____________________

[signature]

Geraldine A. Smith
Vice President
Wyeth
5 Giralda Farms
Madison, NJ 07940

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Ronald J. Schott
Title: Senior Corporate Counsel
Address: Wyeth, 5 Giralda Farms, Madison, NJ 07940
Tel. Number: 973-660-6641